**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CORDNEY JACK TRAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:23-cv-01276-SEP |
| | ) | |
| FAMILY SUPPORT DIVISION OF THE | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Cordney Jack Travis's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [4].  Having reviewed Plaintiff's financial information, the Court will grant the application and waive the filing fee, but the case is dismissed for lack of subject matter jurisdiction as set forth below.

### FACTS AND BACKGROUND

Plaintiff filed a 71-page complaint bringing claims against 16 Defendants.  *See* Doc. [1]. Plaintiff brings the claims under 42 U.S.C. § 1983 and alleges that Defendants unlawfully enforced Missouri's child support laws against him.  Plaintiff "is alleged to have three (3) support cases in the arrears" for a total of $41,134.41 past due.  *Id*. ¶ 75.  Defendants are individuals and entities involved in Plaintiff's child support proceedings, including the Governor of Missouri, officials in the Missouri Department of Social Services, judges, and prosecutors. Plaintiff alleges:

> Defendants forced him to appear in administrative hearings disguised as judicial proceedings, arrested the plaintiff four (4) times for criminal nonsupport, one time (1) for contempt of court for 30 days, suspended the plaintiff's driver's license without having an [indigency] hearing first to see if the non-payment was [willful], issued wage withholding orders, reported the arrears to the credit bureau, intercepted the plaintiffs insurance compensation, and due to the alleged debt excluded the plaintiff from receiving the covid 19 stimulus package.

*Id*. ¶ 76.

The Complaint contains large portions of legal argument, and it is difficult to discern what federal law or constitutional provision Plaintiff claims Defendants violated.  He seems to allege that most of the Defendants violated Section 241 and 242 of Title 18 of the United States

1

Code.  *See* Doc. [1] ¶¶ 83, 88, 93, 125, 128, 131, 143, 149, 152, 176, 190, 202, 209, 215, 220, 228.  He also alleges that certain Defendants committed "Violation of the right to Due Process of Law," "Fraud," "Civil rights Violations," "State law violations," "Common law torts," "unreasonable detention," "Defimation [sic] of character," "Fraud upon the court by the court," and "Fraud upon the court."  *Id*. ¶¶ 88, 93, 145, 149, 152, 176, 190, 202, 209, 215, 220, 228.

LEGAL STANDARD

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  Additionally, a complaint filed without prepayment of the filing fee must be dismissed if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

DISCUSSION

**I.      The Court lacks jurisdiction to review the claims related to child support payments.**

Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts have recognized a limitation on their jurisdiction over cases involving domestic relations. *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013); *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994); *Frawley v. Schutt*, 2021 WL 5415326, at *6 (E.D. Mo. Feb. 19, 2021) ("Family law matters are state law matters and only in extremely rare circumstances would a federal court have jurisdiction.") (quoting *Quinn v. Kibodeaux*, 2020 WL 6701457 at *1 (D. Idaho Nov. 13, 2020)).  In *Khan*, the Eighth Circuit recognized that the domestic relations exception divests the federal courts of jurisdiction over any action about a divorce, allowance of alimony, or child custody and support.  21 F.3d at 861.  Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction."  *Id.*  A case dealing with child support obligations is "clearly within the domestic relations exception domain."  *Lannan v. Maul*, 979 F.2d 627, 631 (8th Cir. 1992); *see also Moore v. Knodell*, 2024 WL 2861744, at *1 (8th Cir. June 6, 2024) (per curiam) (unpublished) ("It is clear from the record that the domestic relations exception to federal jurisdiction divested the district court of subject-matter jurisdiction to adjudicate [plaintiff's] claims.").

Although Plaintiff drafted the Complaint to allege federal civil rights violations, some of his claims are inextricably intertwined with prior state court determinations regarding his child

2

support obligations.  "The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law."  *Frawley*, 2021 WL 5415326 at \*6 (quoting *Quinn*, 2020 WL 6701457 at \*1).  To the extent Plaintiff is challenging the validity of his child support obligations, his claims thus fall within the domestic relations exception to federal jurisdiction, and the Court lacks subject matter jurisdiction.  And if Plaintiff is asking this Court to find that state court decisions regarding his child support obligation were wrong, this Court also lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  *See Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023) ("The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments.") (quoting *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005)).

## II.    **Plaintiff fails to state a claim.**

The length of the Complaint makes it difficult to discern whether all of Plaintiff claims are outside the Court's subject matter jurisdiction.  To the extent the Court has jurisdiction over Plaintiff's claims, they fail in several respects to state a claim on which relief can be granted.

First, Plaintiff appears to bring his claims either directly under Title IV-D of the Social Security Act or under Sections 241 and 242 of Title 18 of the United States Code.  Under either theory, his claims fail.  In *Blessing v. Freestone*—a case Plaintiff cites near the top of his Complaint—the Supreme Court held that "that Title IV-D does not give individuals a federal right to force a state agency to substantially comply with Title IV-D."  520 U.S. 329, 333 (1997).  And Sections 241 and 242 of Title 18 do not provide Plaintiff a private cause of action.  *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241, even though the statute allows federal authorities to pursue criminal charges."); *see also, e.g.*, *Tucker v. U.S. Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (Section 242 does not create a private right of action); *Vidurek v. Koskinen*, 789 F. App'x 889, 894 (2d Cir. 2019) (same); *Boling v. U.S. Parole Comm'n*, 2018 WL 6721354, at \*1 (D.C. Cir. Dec. 19, 2018) (same).

Second, many of the Defendants are immune from Plaintiff's claims.  "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007) (quoting *Kahle v. Leonard*, 477 F.3d

544, 549 (8th Cir. 2007)) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Defendants' enforcement of child support laws and court orders, as alleged in the Complaint, does not violate a clearly established federal right.  And prosecutorial immunity and judicial immunity protect the judges (Defendants Connolly, Burlison, Millikan) and prosecutors (Defendants Brooks, Tilney, Murphy, and Vannoy) Plaintiff seeks to sue.  *See Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020) (judicial immunity); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (prosecutorial immunity).

Third, many of Plaintiff's claims are time-barred.  Section 1983 actions are subject to a five-year statute of limitations in Missouri.  *Sulik v. Taney Cnty.*, 393 F.3d 765, 767 (8th Cir. 2005).  While the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915 when it is apparent on the face of the Complaint that the statute of limitations has expired.  *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).  Plaintiff filed this action on October 10, 2023.  Thus, the only claims that Plaintiff could maintain under the statute of limitations are those that accrued from October 10, 2018, to October 10, 2023.  Plaintiff complains of receiving an application for child support services on April 10, 2007; being held against his will at the St. Louis County Justice Center beginning on September 4, 2014; a finding by the Director of the Family Support Division on January 12, 2017; the suspension of his driver's license on January 22, 2017; a grand jury hearing on September 13, 2017; an arrest warrant issued on September 12, 2017; an arrest on February 22, 2018; a court appearance on April 4, 2018; an arrest in February 2018 for criminal non-support; appearances before Judge Madeline O. Connolly in state court on March 1, 2018, and May 14, 2018; an appearance before an unnamed judge in state court on July 2, 2018; and an appearance before Judge Rex M. Burlinson and Judge Scott A. Millikan on August 20, 2018. Plaintiff's claims arising out of those incidents would be barred by the statute of limitations.

Fourth, because Plaintiff's federal claims are all subject to dismissal, the Court declines to exercise supplemental jurisdiction over his state law claims (e.g., "fraud," "state law violations," "common law torts," "unreasonable detention," "defimation [sic] of character," "fraud upon the court by the court," "fraud upon the court").  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc [4], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 19th day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5